UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

          Plaintiff,

                                            Case No. 11-12525
v.                                      Honorable David M. Lawson

GOVERNOR RICK SNYDER, STATE OF
MICHIGAN, and MICHIGAN
DEPARTMENT OF CORRECTIONS,

          Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DIRECTING THE PLAINTIFF TO PAY THE FILING FEE

The plaintiff, Kyle Richards, a state prisoner who currently us serving a probationary sentence with the Monroe County Probation Office in Monroe, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of the fees and costs for this action. Although it appears that the plaintiff is no longer incarcerated, his complaint challenges conditions at jails, detention centers, and throughout the Michigan Department of Corrections as creating unconstitutional sexual and sensory deprivation. It is curious that the plaintiff's identification number with the Michigan Department of Corrections, #340573, actually belongs to an individual named Jervon Harmon, who has been discharged.

A preliminary issue is whether the plaintiff may proceed without prepayment of the entire filing fee for this action. According to the record and docket sheets in the various courts, more than three of his previous complaints have been dismissed as frivolous or for failure to state a claim. *See, e.g.*, *Richards v. Servitto*, No. 11-11227, 2011 WL 1842888 (E.D. Mich. May 16, 2011); *Richards v. Smith et al.*, No. 11-10929, 2011 WL 1869400 (E.D. Mich. May 16, 2011); *Richards v. Swartz*

*et al.*, No. 10-13759, 2010 WL 116854 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 10-10100, 2010 WL 2720917 (E.D. Mich. July 8, 2010). Consequently, under the "three strikes" provision of the Prison Litigation Reform Act of 1995, the plaintiff may not proceed without prepayment of the filing fee and costs for this action unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

On June 20, 2011, Magistrate Judge R. Steven Whalen ordered the plaintiff to show cause in writing why the Court should not dismiss the case under the "three strikes" provision. The plaintiff argues in his response that the prison has deprived him of the right to have sex with another person and to engage in his personal interest of child pornography or pedophilia, which has caused him to develop several nervous and sexual disorders. This response fails to demonstrate that the plaintiff is in imminent danger of serious physical injury. *Ibid.* In fact, it is so absurd as to render the response itself frivolous. The plaintiff cannot proceed with this action unless he pays the entire filing fee. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Accordingly, leave to proceed without prepayment of fees and costs will be denied, and the complaint will be dismissed without prejudice unless the plaintiff pays the full filing fee for this action within twenty-eight days.

Accordingly, it is **ORDERED** that the plaintiff's application for leave to proceed without prepayment of the fees and costs for this action [dkt. #2] is **DENIED**.

It is further **ORDERED** that the plaintiff shall tender to the Clerk of the Court the entire filing fee of $350.00 **on or before July 29, 2011**. If he fails to do so, his complaint will be dismissed.

s/David M. Lawson_____
DAVID M. LAWSON
United States District Judge

Dated: July 1, 2011

-2-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL