UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE RICHARDS,

        Plaintiff,

                                      Case No. 11-12525
v.                                Honorable David M. Lawson

GOVERNOR RICK SNYDER, STATE OF
MICHIGAN, and MICHIGAN
DEPARTMENT OF CORRECTIONS,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, MOTION TO PROCEED WITHOUT SIGNED CERTIFICATE OF TRUST FUND ACCOUNT, AND REQUEST FOR ORDER DIRECTING SERVICE**

        On July 1, 2011, the Court entered an order denying the plaintiff's motion to proceed *in forma pauperis* and directing him to pay the full filing fee by July 29, 2011.  Presently before the Court are three motions filed by the plaintiff.  The first seeks reconsideration of the Court's order denying pauper status.  The second requests leave to proceed without a signed certificate of trust fund account, a document necessary for pauper status.  The third asks the Court to issue an order directing service by the United States Marshal Service.  The Court finds that all three motions lack merit and will deny them.

        Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).  However,

motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In his motion for reconsideration, the plaintiff merely reiterates the position presented in his response to the show cause order that he should be permitted to proceed *in forma pauperis* because he is in imminent danger of serious physical harm. He also argues that he is not obligated to prove his underlying claims or meet a higher evidentiary burden at this time. The plaintiff's motion for reconsideration "merely present[s] the same issues already ruled upon by the court." E.D. Mich. LR 7.1(g)(3). The Court previously found that the alleged medical conditions caused by the plaintiff's "sexual and sensory deprivation" in prison were not sufficient to demonstrate immediate harm. The plaintiff has not presented any new facts or evidence that would change the Court's decision, nor has he pointed to a palpable defect in reasoning by the Court. Therefore, the Court will deny the plaintiff's motion for reconsideration.

The Court also will deny the plaintiff's other pending motions. A signed certificate of trust fund account is a document that the Court requires only if the plaintiff is allowed to proceed *in forma pauperis*. It is used by the Court to collect from an indigent plaintiff a percentage of the filing fee on an ongoing basis. Such collection efforts are not necessary if the plaintiff is required to pay the entire filing fee up front. Similarly, the Court may exercise its authority to direct service by the United States Marshal Service only if the plaintiff is deemed an indigent under 28 U.S.C. § 1915, a fact the plaintiff admits. The Court has concluded that the plaintiff cannot proceed as an indigent on *in forma pauperis* status. Therefore, he is not entitled to an order directing service by the United States Marshal Service and he is not required to submit certificates from his institutional trust fund account. The Court will deny the plaintiff's motions on these grounds.

Accordingly, it is **ORDERED** that the plaintiff's motions for reconsideration [dkt. #9], to proceed without signed certificate of trust fund account [dkt. #7], and for the Court to issue and serve the summons [dkt. #8] are **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 14, 2011.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL